UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL A. WEBSTER III,<br><br>                                  Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden, et al.,<br><br>                                  Respondents. | Case No.: 14cv0994 DMS(NLS)<br><br>**ORDER DENYING MOTION TO REOPEN CASE** |

On March 23, 2016, this Court issued an order denying Petitioner's First Amended Petition for Writ of Habeas Corpus. Petitioner filed an appeal of that decision, which was denied on November 22, 2016. On May 2, 2022, Petitioner filed the present motion to reopen his case pursuant to Federal Rule of Civil Procedure 60(b)(6).

Rule 60(b) provides that a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*. (internal quotation marks omitted). Petitioner has not shown that any of those circumstances are present here. The only argument he offers is that he has consulted with another inmate about his failed petition, and that inmate told him the previous jailhouse "lawyer" failed to raise a number of arguments that would have resulted in the granting of his petition. This argument does not rise to the level of extraordinary circumstances necessary to warrant relief under Rule 60(b)(6). Accordingly, Petitioner's motion to reopen his case is denied.

**IT IS SO ORDERED.**

Dated:  December 22, 2022

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court